## WILLIAM TREZISE V. JOEL F. LACY, *et al.*

POSSESSION *of Mortgaged Premises; Foreclosure; Equity.* S. and L. were settlers upon one hundred and sixty acres of the public lands, subject to preëmption. Prior to its entry at the U. S. land office, L. agreed verbally with S., that if the latter would enter, prove up and pay for the same, he would not interfere, if S. would deed to him sixty acres upon which the improvements were situate, after he had procured title from the United States. In accordance with this arrangement, S. proved up and paid for the land, on January 9th, 1877. On the same day he executed a mortgage to P. on the premises, to secure the payment of the money he obtained of him to pay for the land. This mortgage was duly filed for record, on January 10th, 1877. On March 14th, 1877, S. deeded to L. sixty acres, in pursuance of the agreement between S. and L. before the entry of the land. In an action by the owner of the mortgage to foreclose the same, the trial court held that the deed of S. to L. took precedence of the mortgage, and that the mortgage was void as a lien upon the sixty acres, as P. and his assignee were charged with notice of the equities of L. in the land by the fact of L.'s possession and occupation at the execution of such mortgage. *Held,* Error, as the possession of L. was neither exclusive, open, nor notorious. Under his agreement with S. the latter had the consent of L. to represent himself as the occupant and possessor of all the land and improvements, and L.'s possession became to the public subordinate to the will of S. At the date of the execution of the mortgage, the equities of L., if he had any, were concealed by him to enable S. to complete his preëmption and obtain title in his own name.

### *Error from Cowley District Court.*

ACTION by *Trezise* against *John W. Smiley* and five others, defendants, to foreclose a certain mortgage. Trial at the December Term, 1878, of the district court, and findings and judgment for the defendants, *Joel F. Lacy* and *Amanda E. Lacy.* The plaintiff brings the case to this court. The facts appear in the opinion.

*Pryor & Pryor,* and *A. L. Williams,* for plaintiff in error.

*Hackney & McDonald,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On January 9, 1877, John W. Smiley and Lucy, his wife, executed to John D. Pryor their mortgage upon the southeast quarter of section 23, township 30, south, of range 6, containing 160 acres of land, in Cowley county, to secure the payment of $330.13 and interest, evidenced by a note signed by said John W. and Lucy A. Smiley. The mortgage was duly filed for record, on January 10, 1877. On the 9th of February, 1877, John D. Pryor transferred the note and mortgage to William Trezise, plaintiff. On October 24, 1878, the plaintiff commenced his action to foreclose the mortgage. The plaintiff made John W. and Lucy A. Smiley defendants, and also, Joel F. Lacy, and Amanda E., his wife, who claimed sixty acres of the land as a homestead by occupation, and deed of March 14, 1877, to them from John W. and Lucy A. Smiley. James Jordan and Samuel M. Martin were also defendants, as subsequent mortgagees. John W. and Lucy A. Smiley made no answer. Samuel M. Martin and James Jordan filed their separate cross-petitions for the foreclosure of their respective mortgages, but made no defense to plaintiff's claim. The defendants Joel F. and Amanda E. Lacy filed an answer, alleging that they moved with their effects into their house, on a part of said mortgaged premises, on February 10, 1872; that from such date they had been the sole occupants of sixty acres of the land; that it was their homestead; that they were the owners of the same in law and equity; that at the time of the execution of the mortgage to plaintiff, they had in actual cultivation on the sixty acres occupied by them, thirteen acres, a house 14x16, one story and a half high, one hundred fruit and ornamental trees, stable, etc. Said defendants asked that the mortgage on their land be held for naught, and duly canceled. The plaintiff filed a general denial to the answer of the Lacys.

The case was tried at the December term of the district court for 1878, by the court without a jury.

The land in controversy was a part of the lands provided

for in art. 16 of the treaty of September 29, 1865, with the Great and Little Osage Indians; and the first act of congress under which any of these lands were sold, was the act of July 15, 1870. By virtue of the provisions of the act of congress of May 9, 1872, the land became subject to the preëmption laws of the United States.

As conclusions of fact, the court found that John W. Smiley and Joel F. Lacy were both settlers on the quarter-section of land in controversy, previous to its entry, and that they agreed verbally that John W. Smiley should furnish the money and enter the land at the United States land office; and in consideration that Lacy would not interfere with his entry, he would, after his entry, deed Lacy the sixty acres upon which he had his improvements, on the east side of the quarter. Smiley afterward entered the land, and then made the deed of the sixty acres to Lacy in pursuance of the contract; but before executing the deed, he executed the mortgage in suit, without the knowledge or consent of Lacy. Lacy was in actual possession and occupancy of the land at the time the mortgage was executed.

As conclusions of law, the court found that the verbal contract between Lacy and Smiley was binding and valid; that Trezise was charged with notice of the same by the fact of Lacy's occupancy and possession, and thereupon rendered judgment in favor of the Lacys, decreeing the mortgage void as to said sixty acres.

The decision of the court was erroneous in this. While the findings of fact show that the Lacys had actual possession and occupancy of the premises at the execution of the mortgage, the findings fail to show that such possession and occupation were exclusive, or resulted from a right based upon exclusive property in and dominion over the premises. On the other hand, it clearly appears from the findings that John W. Smiley was also a settler on said quarter-section of land; that Joel F. Lacy consented and authorized John W. Smiley to represent himself as the sole occupant of the premises; consented and authorized him to hold himself out to the world

as the inhabitant and actual possessor of all the improvements, including the dwelling-house: because all of these admissions and authorizations were involved in the agreement between Smiley and Lacy, that Smiley should furnish the money to pay for the preëmption of all the land, and that he should enter it in his own name in the United States land office, and the subsequent entry of the land and the payment of the same in accordance with the arrangements of the parties. Smiley proved up and paid for the land, on Jan. 9, 1877. On the same day he executed the mortgage to Pryor. The money obtained from Pryor was used to pay for the premises. So, instead of the possession of Lacy being exclusive at the time of the execution of the mortgage, it was enjoyed with Smiley, but in such a manner as to be subordinate to the will of the latter. Instead of such possession being open and notorious in Lacy, it was purposely concealed by him, to enable Smiley to prove up the land in his own name. To the public, to the United States, of whom Smiley obtained the fee, the possession of Lacy was the possession of Smiley—and all this with Lacy's consent. Under these circumstances, the possession of Lacy, set forth in the findings of fact, was not of that character to put Pryor or his assignee, this plaintiff, on further inquiry, or which bound such parties to take the mortgage interest in the property, subject to the equities of Lacy, if he had any equities on January 9th. A person cannot play "fast and loose," and expect his conduct to gain the favorable approval of a court of equity. We call that equity which, in human transactions, is founded in natural justice, in honesty and right. The conduct of the defendant is at least questionable, to use mild language, and upon exact justice, honesty and right, has little to commend itself to the judicial mind. (*Warren v. Van Brunt*, 19 Wall. 646.)

The judgment of the district court, holding the mortgage sued on void as to the sixty acres claimed by the Lacys, will be reversed, and the case remanded with directions to that court, upon the findings of fact, to subject said premises to the payment of the note secured by the mortgage.

All the Justices concurring.